# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PNCEF, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0801-WS-C |
| | ) |
| HENDRICKS BUILDING SUPPLY, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on plaintiff's Response to Order to Show Cause (doc. 11), and incorporated request for enlargement of the time limit for service of process.

On December 9, 2009, plaintiff, PNCEF, LLC, filed its Complaint against defendants Hendricks Building Supply, LLC and Hendricks Companies, Inc. Summonses were issued to plaintiff for service on defendants on December 10, 2009. (Doc. 5.) To date, defendants have not appeared, and plaintiff has not submitted proof of service. The 120-day time limit for service prescribed by Rule 4(m), Fed.R.Civ.P., expired on or about April 8, 2010. On April 21, 2010, the undersigned entered a Show Cause Order (doc. 8) directing plaintiff to show cause why the Complaint should not be dismissed without prejudice pursuant to Rule 4(m).

The law is clear that "[a] plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed under Rule 4(m)." *Lepone-Dempsey v. Carroll County Com'rs*, 476 F.3d 1277, 1280-81 (11th Cir. 2007). Rule 4(m) provides in pertinent part as follows:

> "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – ***must dismiss the action without prejudice against that defendant or order that service be made within a specified time***. But ***if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period***."

*Id.* (emphasis added). On its face, then, Rule 4(m) provides for dismissal if service is not achieved within 120 days, absent either (a) good cause for a plaintiff's dilatory service or (b) a

decision by the Court to exercise its discretion in favor of extending the time for service without a showing of good cause. *See, e.g., Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (recognizing that dismissal under Rule 4(m) may be avoided if a plaintiff shows good cause, or if other circumstances warrant extension based on the facts of the case); *Will-Burn Recording & Pub. Co. v. Universal Music Group Records*, 2008 WL 4793291, *1 (S.D. Ala. Nov. 4, 2008) (similar). Where good cause is shown, a court must extend time for service; however, in the absence of good cause, a court may, in its discretion, either allow an extension or dismiss the case without prejudice. *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

The plaintiff bears the burden of showing good cause. *See, e.g., Durgin v. Mon*, 659 F. Supp.2d 1240, 1258 (S.D. Fla. 2009) ("A plaintiff has the burden of demonstrating the existence of 'good cause' justifying service outside of the 120-day deadline."); *Wilson v. Prudential Financial*, 332 F. Supp.2d 83, 87 (D.D.C. 2004) ("where the plaintiff fails to effect proper service within the 120-day time limit laid down by Rule 4(m), the plaintiff carries the burden of showing good cause for that failure"). A showing of good cause must include evidence that plaintiff "(1) has proceeded in good faith; (2) has a reasonable basis for noncompliance and (3) the basis for the delay was more than simple inadvertence or mistake." *Durgin*, 659 F. Supp.2d at 1258; *see also Lepone-Dempsey*, 476 F.3d at 1281 (good cause exists only "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service") (citations omitted).

To satisfy its burden, plaintiff, PNCEF, LLC, comes forward with evidence that, upon filing the Complaint in December 2009, it promptly sought to obtain service of process on both defendants, Hendricks Building Supply, LLC and Hendricks Companies, Inc. In particular, PNCEF mailed copies of the summons and Complaint to both Hendricks entities in care of their registered agent for service of process, using the registered agent name and address information listed on the website of the Alabama Secretary of State for each company. When service proved unsuccessful as to both defendants (one package having been forwarded to another address, with no further details as to delivery, and the other having been returned to sender as unclaimed), PNCEF began exploring other methods of effecting service of process by attempting to contact the Hendricks entities' registered agent, S. Kenneth Hendricks, directly. Although PNCEF was

unable to reach Kenneth Hendricks, it did successfully contact Mr. Hendricks' son, Kent Hendricks, who declined to provide either contact information for his father or any means of perfecting service on the Hendricks entities. PNCEF indicates that its efforts to achieve service of process on defendants are ongoing, as evidenced by the alias summons issued for Hendricks Companies, Inc., on April 22, 2010. (*See* doc. 10.)

In the undersigned's view, plaintiff's showing suffices to establish the requisite good cause for purposes of Rule 4(m). PNCEF has been diligent and has proceeded in good faith to attempt service on defendants, using service addresses that defendants provided to the Alabama Secretary of State. When those efforts failed, PNCEF appropriately followed up by endeavoring to locate Mr. Hendricks (the registered agent), without success, and took the additional step of finding Mr. Hendricks' son, who apparently stonewalled PNCEF's inquiries. Clearly, there is a reasonable basis for PNCEF's noncompliance with the Rule 4(m) deadline, and that basis for delay does not consist of mere negligence or inadvertence on plaintiff's part. By all appearances, defendants are proceeding in bad faith, inasmuch as they have supplied inaccurate (or at least outdated) registered agent information to state authorities and have refused to cooperate with plaintiff's attempts to obtain service. Under these circumstances, the "good cause" provision of Rule 4(m) entitles plaintiff to additional time for service of process here. *See generally Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005) (relief from Rule 4(m) deadline "may be justified ... if the defendant is evading service or conceals a defect in attempted service") (citation omitted); *Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002) ("Good cause means a valid reason for delay, such as the defendant's evading service."); *United States v. Sea Bay Development Corp.*, 2007 WL 1378544, *5 (E.D. Va. May 8, 2007) ("A defendant's evasion of service can constitute good cause.").

Even if PNCEF's showing of good cause were wanting, the Court would still grant plaintiff relief from the 120-day deadline. After all, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp*, 402 F.3d at 1132. Indeed, the Eleventh Circuit has opined that "when a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey*, 476 F.3d at 1282. In

determining whether to exercise its discretion in favor of such an extension, this Court may consider such factors as whether, for example, the applicable statute of limitations would bar the refiled action, whether the defendant is evading service or has otherwise concealed a defect in service, and whether the defendant had actual notice of the suit.[1] The record reflects that PNCEF has attempted to establish contact with and to perfect service of process on defendants several times. Those efforts have not borne fruit, but it is evident that defendants (or at least their registered agent) have actual knowledge of this lawsuit and PNCEF's attempts to serve them. Furthermore, it appears that no substantial prejudice will accrue to defendants by virtue of a short extension of the Rule 4(m) deadline. Taken in the aggregate, these circumstances justify a discretionary extension of the 120-day deadline for service of process in this case.

In light of the foregoing, the Court extends the time for service under Rule 4(m) for a period of 60 days from its original setting. The deadline for plaintiff to perfect service of process on defendants is hereby **extended** through and including **June 7, 2010**.[2]

DONE and ORDERED this 29th day of April, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *See id.*; *Feingold v. Hankin*, 269 F. Supp.2d 268, 277 (S.D.N.Y. 2003) (discretion to extend Rule 4(m) deadline turns on such factors as whether statute of limitations would bar re-filing, whether defendant attempted to conceal defect in service, whether defendant would be prejudiced by the extension, and whether defendant had actual notice of lawsuit); *Colasante v. Wells Fargo Corp.*, 211 F.R.D. 555, 561 (S.D. Iowa 2002) (similar).

[2] Plaintiff is cautioned to use this extension wisely and to exercise diligence in locating and serving defendants. The Court will not extend the Rule 4(m) deadline indefinitely merely because defendants' registered agent for service of process has proven elusive. Absent unanticipated obstacles, the enlargement granted herein should be adequate to enable PNCEF, with diligence, to perfect service on defendants.